FILED
17 AUG 23 PM 12: 33
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MATTHEW TRAXLER, ANGIE BANYAS, ALEX KINSFATHER, CHRIS MORRISON, NANCY KRESS, RICHARD CONWAY, DAVID NAEGER, SANDRA HOWARD, JOHN SCHUBACH, PAULA SULPIZIO and EDITH LACEY, individually and on behalf of all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>PPG INDUSTRIES, INC., PPG ARCHITECTURAL FINISHES, INC., and PPG ARCHITECTURAL COATINGS, LLC, <br><br>Defendants. | CASE NO.: 1:15-cv-00912-DAP <br><br> JUDGE DAN AARON POLSTER |

**WHEREAS**, this matter has come before the Court pursuant to Plaintiffs' Unopposed Motion for an order granting Final Approval of Class-Action Settlement;

**WHEREAS**, the Court finds it has jurisdiction of this Action;

**WHEREAS**, on April 27, 2017, this Court granted Plaintiffs' motion for preliminary approval of the class action settlement (ECF No. 65);

**WHEREAS**, the Settlement Class conditionally certified in the Court's Preliminary Approval Order has been appropriately certified for settlement purposes only;

**WHEREAS**, the Court held a hearing on August 23, 2017, to consider the fairness, reasonableness, and adequacy of the Settlement Agreement, has been advised of all objections to the settlement, and has given fair consideration to all objections;

**WHEREAS**, the Court has considered the Motion, Settlement Agreement and exhibits, and objections to the proposed settlement; and

**WHEREAS**, the Court otherwise fully advised in the premises and has considered the record of these proceedings, the representations, arguments, and recommendations of counsel for the Parties, and the requirements of law.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. All terms and definitions used herein have the same meanings as set forth in the Agreement.

2. The terms of the Settlement Agreement are approved. The settlement is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Settlement Class. In reaching this conclusion, the Court has considered a number of factors, including the risk of fraud or collusion; the complexity, expense and likely duration of the litigation; the amount of discovery engaged in by the parties; the likelihood of success on the merits; the opinions of class counsel and class representatives; the reaction of absent class members; and the public interest. The proposed settlement was entered into by experienced counsel and only after extensive arms'-length negotiations. The proposed settlement is not the result of collusion. It was entered into in good faith, is reasonable, fair, and adequate, and is in the best interest of the Settlement Class. Class Counsel and the Plaintiffs have fairly and adequately represented the Settlement Class.

Class Certification

3. Consistent with its Preliminary Approval Order, the Court hereby grants class certification of the following Settlement Class for purposes of final approval:

> ALL PERSONS OR ENTITIES IN THE UNITED STATES AND ITS TERRITORIES WHO PURCHASED, NOT FOR RESALE, A RESCUE IT! PRODUCT DURING THE CLASS PERIOD, EXCLUDING: (I) ALL PERSONS AND ENTITIES WHO FILED A CLAIM CONCERNING A RESCUE IT! PRODUCT IN ANY COURT, IF THAT CLAIM HAS BEEN RESOLVED WITH A FINAL JUDGMENT OR ORDER; (II) PPG, ANY ENTITY IN WHICH PPG HAS A CONTROLLING INTEREST, ANY PERSON OR ENTITY WHICH HAS A CONTROLLING INTEREST IN PPG, AND PPG'S LEGAL REPRESENTATIVES, ASSIGNS, AND SUCCESSORS; AND (III) THE JUDGE TO WHOM THE ACTION IS ASSIGNED AND ANY MEMBER OF THE JUDGE'S IMMEDIATE FAMILY.

4. The Court finds that, for purposes of settlement only, the requirements of Fed. R. Civ. P. 23 are met by the Settlement Class. Joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among Settlement Class Members' claims regarding whether the Rescue It! Products are defective. The Class Representatives claims are typical of those of the Settlement class, in that: (i) the interest of the Plaintiffs' claims are typical of those of the Settlement Class; (ii) there are no apparent conflicts between or among the named Plaintiffs and the members of the Settlement Class; (iii) the Plaintiffs have been and are capable of continuing to be active participants both in the prosecution of, and the negotiations to settle, the Action; and (iv) the Plaintiffs and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving defective products. In accordance with the Supreme Court's holding in *Amchem Prods v. Windsor*, 521 U.S. 591, 620 (1997), the Court need not address whether this case, if tried, would present issues of manageability under Rule 23(b)(3)(D). Finally, a class action settlement is superior to other available methods for a fair resolution of the controversy.

### Notice to Potential Settlement Class Members

5. The Court finds that the Notice (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was the best practicable notice under the circumstances; (iii) reasonably apprised Settlement Class Members of the pendency of the action and their right to object to the proposed settlement or opt out of the Settlement Class; and (iv) was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice. Additionally, the Class Notice adequately informed Settlement Class Members of their rights in the Action. *See* FED. R. CIV. P. 23(c)(2).

### Dismissal with Prejudice

6. The Court hereby enters a judgment of dismissal, pursuant to Fed. R. Civ. P. 54(b), of the claims by the Settlement Class Members, with prejudice and without costs, except as specified in this order, and except as provided in the Court's order related to Plaintiffs' motion for attorneys' fees, expenses, and incentive awards. The Clerk of Court is directed to close this docket.

### Release

7. Pursuant to the Settlement Agreement, the Plaintiffs and Settlement Class Members forever release, discharge, and covenant not to sue the Released Persons regarding any of the Released Claims. With respect to all Released Claims, the Plaintiffs and the Settlement Class Members expressly waive and relinquish the Released Claims to the fullest extent permitted by law. These releases apply even if the Plaintiffs or Settlement Class Members subsequently discover facts in addition to or different from those which they now know or believe to be true.

### Objections

8. The Court has considered both objections, finds that they are unpersuasive, and overrules both of them.

### Opt Outs

9. A list of Settlement Class Members who have timely elected to opt out of the Settlement Class, and who therefore are not bound by the settlement or this Order, is attached to this Order as **Exhibit A**. All other members of the Settlement Class shall be subject to all of the provisions of the Settlement Agreement and this Order.

### Continuing Jurisdiction

10. Without any way affecting the finality of this Order, the Court retains jurisdiction over the Parties, including all Settlement Class Members, to construe and enforce the settlement for the mutual benefit of the Parties. The Court retains jurisdiction to enter any orders necessary or appropriate in implementing the Settlement Agreement, including but not limited to orders enjoining Settlement Class Members from prosecuting Released Claims. Consistent with the Settlement Agreement, it is further ordered that Settlement Class Members are permanently barred from initiating, asserting, or prosecuting any Released Claims against any of the Released Persons in any federal or state court in the United States or any other tribunal

**IT IS SO ORDERED.**

Date: August 23, 2017

_____
Hon. Dan Aaron Polster
United States District Judge

**Exhibit A**

James Amato
Lancaster, OH

Paul R. Fatticci
Hibbing, MN

Mark and Kimberly Popple
Laflin, PA

(the following settlement class members opted out of the settlement class because they resolved their claims with defendants)

Barbara Sherer
Hudson, IN

Janice I. Truelson
Sante Fe, NM

Lisa Hindebrand
Hamilton, OH

Peggy Byrum
Hertford, NC

Richard Crotty
Whispering Pines, NC

Richard A. Stream
Ladysmith, WI

Tim Shroyer
Los Almos, NM

Warren R. Howell
Calabash, NC